# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KRISTINA STOCKTON,** | Case No. 3:20-cv-05035-SRB |
| **Plaintiff,** | |
| v. | |
| **NEWTON COUNTY AMBULANCE DISTRICT et al.,** | |
| **Defendants.** | |

## MOTION FOR APPROVAL OF WRONGFUL DEATH AND MINORS' SETTLEMENTS AND APPORTIONMENT OF WRONGFUL DEATH PROCEEDS

COME NOW, Plaintiff Kristina Stockton, Plaintiff Jamie Hammond as Next Friend to minor child Gatlan R. Stockton, and Plaintiff April Nash as Next Friend to minor child Adelyn J. Cervin, by and through undersigned counsel, and pursuant to §537.080 R.S.Mo. et seq. and §507.184 R.S.Mo., ask this Court for an Order and Judgment approving and apportioning wrongful death settlement proceeds including settlement of the minors' claims in the alleged wrongful death of Forrest Stockton. Plaintiffs state the following in support thereof:

### PARTIES

1. Plaintiff Kristina Stockton is the mother of deceased Forrest Stockton. (Doc. 52).

2. Plaintiff Jamie Hammond is the natural mother and Next Friend to minor child Gatlan R. Stockton, son of deceased Forrest Stockton. Gatlan R. Stockton was born on July 26, 2010. (Doc. 49).

3. Plaintiff April Nash is the natural mother and Next Friend to minor child Adelyn J. Cervin, daughter of deceased Forrest Stockton. Adelyn J. Cervin was born on January 27, 2012. (Doc. 49)

4. All Plaintiffs are residents of the state of Missouri. (Doc. 52).

1

5. Defendant Newton County Ambulance District (hereinafter "Defendant NCAD") is a Missouri ambulance district organized pursuant to Chapter 190 of the Revised Statutes of Missouri and operates wholly within Newton County, Missouri. Defendants Dennis Lee Lake and Bryan Smith were at all times material to this action employees and agents of Defendant NCAD acting within the course and scope of their employment. (Doc. 52).

6. Defendant Newton County, Missouri (hereinafter "Defendant Newton County") is a governmental body that owns and operates the Newton County Jail in Neosho, Newton County, Missouri under the direction of the Newton County Sheriff's Department, which is under the direct control and management of Defendant Newton County. Defendants Teresa White, Steve Lee, Kelsey Renner, and Michael Barnett were at all times material to this action employees and agents of Defendant Newton County acting within the course and scope of their employment. (Doc. 52).

7. Defendant City of Neosho, Missouri (hereinafter "Defendant Neosho") is a municipality wholly within Newton County, Missouri, that controls and operates the Neosho Police Department. Defendants Dustin Doty and Cody Bunch were at all times material to this action agents and employees of Defendant Neosho. (Doc. 52).

8. Plaintiffs are proper parties to file this action for the wrongful death of their father and son and are the only class one beneficiaries pursuant to §537.080.1 R.S.Mo. (Doc. 52).

9. Gregory Stockton is the father of deceased Forrest Stockton. Gregory Stockton predeceased his son. He died in 1989.

## FACTS

10. On June 29, 2018, Forrest Stockton died while in custody at the Newton County Jail.

11. Plaintiffs and their attorneys have fully investigated the facts and circumstances of the incident as well as the nature and extent of the damages to the Plaintiffs.

2

12. Subject to the approval of this Court, the Next Friends acting on behalf of the minor Plaintiffs and Plaintiff Kristina Stockton have negotiated a settlement of all claims against all Defendants in this action.

13. The Defendants collectively have offered a monetary amount for full and final settlement of all claims that Plaintiffs bring for the wrongful death of Forrest Stockton and Plaintiffs have agreed to accept said offer in satisfaction of all claims arising out of the death of Forrest Stockton, although the alleged liability of all Defendants is expressly denied.

**PROPOSED SETTLEMENT OF ALL CLAIMS IS FAIR AND REASONABLE**

14. A proposal for the settlement of this matter has been made and accepted, subject to Court approval, by all Plaintiffs collectively, under the terms of which Defendants will pay the gross amount of Six Hundred Thirty Thousand Dollars ($630,000.00) to settle all claims against them. Each party has agreed to bear their own costs.

15. This settlement payment fully resolves all claims for the death of Forrest Stockton and is extended in return for a General Release of all claims against the Defendants and dismissal with prejudice of all claims against all parties.

16. Attorney's fees and expenses were incurred during the course of representation, and the issues raised in this case required skill and substantial effort to resolve, justifying the fee agreement as more fully set forth below.

17. Plaintiffs and their attorneys believe that the proposed settlement with Defendants is in the best interests of Plaintiff Kristina Stockton and the minor Plaintiffs, Gatlan R. Stockton and Adelyn J. Cervin.

18. The division of one-third of the settlement proceeds, less attorney's fees and costs, to each individual Plaintiff is equitable and agreed upon by the parties herein. The parties believe that an equal division of the settlement proceeds is reasonable based upon the fact that

Forrest Stockton lived with and provided for his mother, Kristina Stockton and it was Kristina Stockton who initially sought counsel and initiated legal action when the other class one beneficiaries may not have pursued any claims. Further, Forrest Stockton had relationships with and a duty to support his children, Gatlan R. Stockton and Adelyn J. Cervin, and all Plaintiffs are forever deprived of his companionship.

19. The Plaintiffs collectively request that the Court approve the settlement with the Defendants, regarding the claims of the Plaintiff Kristina Stockton and the two minor Plaintiffs, Gatlan R. Stockton and Adelyn J. Cervin, for the wrongful death of Forrest Stockton.

20. Plaintiffs state that the settlement amount is a fair and reasonable sum for the wrongful death of their father and son, respectively, taking into consideration a multitude of factors including theories of liability, the substantial burden of proving actions amounting to deliberate indifference, genuine dispute about the factual basis supporting the theories of liability, the expense, delay, and uncertainty of trial.

21. The breakdown of the settlement payments by Defendant and the allocation of proceeds and expenses by and between the Plaintiffs is set forth in Exhibit 1.

22. Plaintiff and Next Friend Jamie Hammond requests the Court to approve the purchase by Defendants of a structured settlement annuity in the amount of $118,809.97 to Pacific Life and Annuity Services, Inc. to fund a structured settlement for the benefit of Gatlan R. Stockton as set forth in Exhibit 1. The purchase shall be made by way of a qualified assignment according to Section 130 of the Tax Code. The terms of this purchase shall be further described in the General Release between the Defendants and Jamie Hammond as Next Friend to the minor child, Gatlan R. Stockton.

23. Plaintiff and Next Friend April Nash requests the Court to approve the purchase by Defendants of a structured settlement annuity in the amount of $118,809.97 to Pacific Life and Annuity Services, Inc. to fund a structured settlement for the benefit of Adelyn J. Cervin as set forth in Exhibit 1. The purchase shall be made by way of a qualified assignment according to Section 130 of the Tax Code. The terms of this purchase shall be further described in the General Release between Defendants and April Nash as Next Friend to the minor child, Adelyn J. Cervin.

24. Plaintiff Kristina Stockton requests the Court to approve the settlement as fair and reasonable regarding her claims and alleged damages.

25. The Plaintiffs request leave to waive a jury trial and to submit all issues of the proposed settlement to the Court for determination.

26. All persons referenced in the caption have been given notice of the scheduled hearing on the application for approval of the settlement proposal, and the notice has, therefore, been given to all persons known to the parties, as representative of the wrongful death class, who are entitled to sue or join in the suit, and to all prospective beneficiaries, of which, in addition, this Court has actual written notice.

## THE PROPOSED SETTLEMENT AND DISTRIBUTION STRUCTURE COMPLY WITH MISSOURI LAW

27. Chapter 507 R.S.Mo., and specifically §§ 507.182 – 507.188 R.S.Mo., govern the prosecution and settlement of claims by a Next Friend on behalf of a minor.

28. Chapter 507 R.S.Mo., provides that a Next Friend may contract with an attorney to pursue a claim on behalf of a minor and may enter into an agreement to resolve the claim subject to Court approval.

29. Court approval involves reviewing the reasonableness of the settlement, the reasonableness of the contract with counsel, and the terms of the settlement including how the funds are paid and managed after settlement.

30. Chapter 537 R.S.Mo. provides that a Court must approve the settlement of wrongful death actions including the allocation of proceeds and attorney fees and expenses for the resolution of any claim for wrongful death.

**THE CONTRACT FOR ATTONEYS' FEES AND COSTS IS FAIR AND REASONABLE**

31. Plaintiff Gatlan R. Stockton, by and through his Next Friend, Jamie Hammond, and Plaintiff Adelyn J. Cervin, by and though her Next Friend, April Nash, and Plaintiff Kristina Stockton, are represented by McGonagle Spencer Gahagan, P.C. and John Picerno, Attorney at Law.

32. Plaintiff Kristina Stockton entered into a professional employment agreement whereby her attorneys are to receive forty-five percent (45%) of the gross amount recovered for the claims of Plaintiff Kristina Stockton, less one-third of all costs incurred in the litigation. The contract must be approved by the Court as part of approving the settlement of the wrongful death and minor claims. A copy of fee contracts and an itemization of expenses are included as Exhibit 2.

33. Plaintiffs Jamie Hammond as Next Friend for Gatlan R. Stockton and April Nash as Next Friend for Adelyn J. Cervin entered into professional employment agreements whereby their attorneys are to receive forty percent (40%) of the gross amount recovered for the claims of all minor Plaintiffs, with each minor Plaintiff incurring one-third of all costs incurred in the litigation. The contract must be approved by the Court as part of approving the settlement of the wrongful death and minor claims. A copy of fee contracts and an itemization of expenses are included as Exhibit 2.

34. Court approval involves reviewing the reasonableness of the settlement, the reasonableness of the contract with counsel, and the terms of the settlement including how the funds are paid and managed after settlement. A copy of the General Release is attached as Exhibit 3.

35. Pursuant to Missouri Supreme Court Rule 4-1.5, the Court may consider a plethora of factors to determine if attorney's fees are reasonable, including, but not limited to: time/labor, novelty and difficulty of questions involved, requisite skill, customary fee in the locality for similar work, interference with other employment by the lawyer, time limitations imposed by the client, etc.

36. Counsel for Plaintiffs dedicated a significant amount of time and effort in litigating this case and expended tremendous effort and diligence to see Plaintiffs fairly and justly compensated. Plaintiffs engaged and disclosed three expert witnesses to specifically address issues of the adequacy of emergency medical services, toxicology, and law enforcement practices and procedures. The parties engaged in extensive written discovery and depositions. The parties engaged in two separate mediations.

37. The issues raised in this case required skill and substantial effort to resolve, especially given the existence of state law governmental immunities and the federal law civil rights standard of deliberate indifference. Additionally, the effort of Plaintiffs' counsel in the management of this case infringed upon time and opportunity they would have had available to accept other employment.

**THE SETTLEMENT DOES NOT TRIGGER A CONFLICT OF INTEREST**

38. The Next Friends of the minor Plaintiffs are not also individual plaintiffs, so no conflict of interest exists in the recommendation of settlement by the Next Friends on behalf of the minor Plaintiffs.

## NO BOND SHOULD BE REQUIRED OF THE NEXT FRIENDS

39. The portion of settlement funds paid to the minor Plaintiffs will, upon order of this Court, be paid directly to Pacific Life and Annuity Services, Inc. to fund a structured settlement annuity in the amounts set forth in Exhibit 1. Since no funds belonging to the minor Plaintiffs will be in the possession of the Next Friends, Movants assert that a bond is not required to approve the settlement.

**WHEREFORE**, Plaintiffs Jamie Hammond as Next Friend to minor child Gatlan R. Stockton, April Nash as next friend to minor child Adelyn J. Cervin, and Kristina Stockton pray this Court for Judgment against Defendants in the amount of Six Hundred Thirty Thousand and No/100 Dollars ($630,000.00) and for such other relief as is set forth below:

   a. That the settlement funds from Defendant are to be distributed equally amongst the three Plaintiffs as set forth in Exhibit 1, less attorney fees and costs as provided in Exhibits 1 and 2.

   b. That the contracts for attorney fees and expenses provided in Exhibit 2 are fair and reasonable.

   c. That Plaintiffs shall each execute the General Release attached as Exhibit 3, discharging the Defendants and all employees, agents, and/or contractors from any and all claims and causes of action for the alleged wrongful death of decedent, Forrest Stockton and that said General Release is fair and reasonable and in the best interest of the parties.

   d. That Plaintiffs will file a Satisfaction of said Judgment once settlement proceeds have cleared Plaintiffs' financial institutions.

   e. For such other relief that the Court may deem proper.

Dated: June 11, 2021									Respectfully submitted,

McGONAGLE SPENCER GAHAGAN, P.C.

*/s/ Christopher S. Gahagan*
Christopher S. Gahagan, MBN 36729
4505 Madison Avenue, Suite 230
Kansas City, MO 64111
Telephone:	(816) 221-2222
Facsimile:	(816) 221-2245
Email:		chris@mcgonaglespencer.com


and


JOHN PICERNO LAW

*/s/ John Anthony Picerno*
John Anthony Picerno, MBN 41861
1301 Oak Street, Suite 400A
Kansas City, Missouri 64106
Telephone:	(816) 471-3330
Facsimile:	(816) 472-0200
Email: jplaw@johnpicerno.com


**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of June 2021, the foregoing was electronically filed using the CM/ECF system, which will send notice of electronic filing to all parties entitled to service.


*/s/ Christopher S. Gahagan*
Attorney for Plaintiffs